# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **MARSHA R. CHANEY,** ) | |
| ) | |
| **Plaintiff,** ) | **CIVIL ACTION** |
| ) | |
| **v.** ) | **No. 14-4006-KHV** |
| ) | |
| **JOHNSON LOGISTICS KANSAS, LLC,** ) | |
| **dba Johnson & Storage Moving – Topeka,** ) | |
| ) | |
| **Defendant.** ) | |

## MEMORANDUM AND ORDER

Plaintiff brings suit against Johnson Logistics Kansas, LLC alleging employment discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. and the Kansas Act Against Discrimination, K.S.A. § 44–1001 et seq. See Complaint (Doc. #1) filed January 21, 2014.

On October 30, 2014, Magistrate Judge James P. O'Hara ordered plaintiff to show cause in writing why the Court should not dismiss this case for failure to prosecute. See Notice And Order To Show Cause (Doc. #33).[1] Specifically, Judge O'Hara noted that on October 9, 2014, he ordered plaintiff to respond to defendant's discovery requests by October 24, 2014 and warned that failure to do so would likely result in sanctions, including possible dismissal of her

---

[1]     The Court sent plaintiff a copy of the show cause order by certified and regular U.S. mail.  See docket text for Doc. #33.  Although the post office returned the certified mail receipt as undeliverable, the Court finds that plaintiff received sufficient notice of the order to show cause.  See D. Kan. Rule 5.1(c)(3) (pro se party must notify Clerk in writing of any change in address and any notice mailed to last address of record is sufficient notice).

claims.[2]  See id.; see also Order (Doc.#32) filed October 9, 2014.  Plaintiff did not respond to the

discovery requests or to the order to show cause.

Under Rule 37(b)(2)(A)(v), Fed. R. Civ. P., the Court may dismiss an action in whole or

in part when plaintiff fails to obey an order or to provide or permit discovery.[3]  Dismissal is

appropriate in cases of "willful misconduct" by a party.  See Ehrenhaus v. Reynolds, 965 F.2d

916, 920 (10th Cir. 1992).  Repeated failures to abide by deadlines or to obey court orders justify

dismissal under Rules 37(b) and 41(b), Fed. R. Civ. P.[4]  See Anthony v. Alorica, Inc., Nos. 08-

2437-CM-KGS, 08-2438-JAR-KGS, 2009 WL 4611456, at *2 (D. Kan. Dec. 4, 2009), aff'd, 380

Fed. Appx. 766 (10th Cir. 2010).  Because of the harshness of dismissal, however, due process

requires that the violation be predicated upon willfulness, bad faith or some fault of petitioner

---

[2]     The Court notes that plaintiff's counsel withdrew because plaintiff refused to cooperate with him in providing responses to defendant's discovery requests.  See Motion For Withdrawal Of Counsel (Doc. #27) filed September 8, 2014; see also Order (Doc. #28) filed September 9, 2014 (granting motion to withdraw).

[3]     Rule 37(b)(2)(A)(v) states in relevant part as follows:

If a party or a party's officer, director, or managing agent − or a witness designated under Rule 30(b)(6) or 31(a)(4) − fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders… [which] may include [] dismissing the action or proceeding in whole or in part.

Fed. R. Civ. P. 37(b)(2)(A)(v).

[4]     Rule 41(b) states in relevant part as follows:

If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule − except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 − operates as an adjudication on the merits.

Fed. R. Civ. P. 37(b)(2)(A)(v).

rather than inability to comply.  <u>Archibeque v. Atchison, Topeka & Santa Fe. Ry. Co.</u>, 70 F.3d 1172, 1174 (10th Cir. 1995).  Before imposing dismissal as a sanction, the Court considers the following factors: (1) the degree of actual prejudice to defendants; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for non-compliance; and (5) the efficacy of lesser sanctions.  <u>Ehrenhaus</u>, 965 F.2d at 920-21.  These factors do not constitute a rigid test; rather, they represent criteria for the Court to consider before imposing dismissal as a sanction.  <u>Id.</u> at 921.

Here, all of the <u>Ehrenhaus</u> factors favor dismissal.  As to the first two factors, defendant has been prejudiced by plaintiff's repeated refusal to respond to discovery requests, and plaintiff's delay and inaction have interfered with the judicial process and caused inconvenience to the Court.  As to the third factor, plaintiff has not responded to multiple court orders and/or her attorney's requests for discovery information.  Under these circumstances, the Court concludes that plaintiff's non-compliance is willful.  As to the fourth factor, the Court has twice warned plaintiff that if she did not respond to discovery requests and/or the show cause order, dismissal would be a likely sanction.  Finally, given plaintiff's complete failure to respond to the show cause order, the Court finds that lesser sanctions would not be effective.  Under these circumstances, the Court finds that plaintiff's repeated failures to abide by court deadlines and orders justify dismissal of her claims under Rules 37(b) and 41(b).

**IT IS THEREFORE ORDERED THAT** plaintiff's claims in this case be and hereby are **DISMISSED.**

Dated this 12th day of December, 2014 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge